**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED BY ___ D.C.
AUG - 4 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**Civil Case Number:**____________

David James Lola
(Write the full name of the plaintiff)

vs.

Miami Herald, Inc., Monroe County Sheriff's Office, Monroe County, Monroe County Board of Commissioners, et al.
(Write the full name of the defendant/s in this case)

cat / div 55U
Case #
Judge ___ Mag ___
Motn Ifp NO ___ Fee pd $ ___
Receipt #

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**I. Party Information**

**A.** Plaintiff: David James Lola

Address: Monroe County Detention Center, College Rd., Key West, FL

Inmate/Prison No.: 18001264

*Year* of Birth: 1973 (Do not include day or month, pursuant to Fed. R. Civ. P 5.2)

(Write your name, address and prison/inmate number, if applicable)

vs.

**B.** Defendant: Miami Herald, Inc. Defendant: Monroe County Sheriff's Office

Official Position: ____ Official Position: Florida [illegible]

Place of Employment: Miami ____ Place of Employment: ____

(Write the full name of each defendant, official position and place of employment. Attach a separate page if you need additional space for additional defendants. )

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED BY ___ D.C.
AUG - 4 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**Civil Case Number:** ____________

David James Lola
(Write the full name of the plaintiff)

vs.

Miami Herald, Inc., Monroe County Sheriff's Office, Monroe County, Monroe County Board of Commissioners, et al.
(Write the full name of the defendant/s in this case)
See Addendum "I"

cat / div SSU
Case # ____
Judge ____ Mag ____
Motn Ifp NO Fee pd $ ____
Receipt # ____

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**I. Party Information** (See Addendum "B")

**A.** Plaintiff: David James Lola, 394 Bearwallow Rd. Leicester, NC

Address: Monroe County Detention Center, 5501 College Rd. Key West, FL 33040

Inmate/Prison No.: 1800264

*Year* of Birth: 1973 (Do not include day or month, pursuant to Fed. R. Civ. P 5.2)

(Write your name, address and prison/inmate number, if applicable)

vs.

**B.** Defendant: Miami Herald, Inc. Defendant: Monroe County Sheriff's Office

Official Position: Florida Corp. Official Position: Florida County

Place of Employment: Miami, FL Place of Employment: Florida

(Write the full name of each defendant, official position and place of employment. Attach a separate page if you need additional space for additional defendants. )

1/22

Blank

Blank

2/22

Addendum "I"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID JAMES LOLA,
Plaintiff,

vs.

MIAMI HERALD, INC., MONROE COUNTY SHERIFF'S OFFICE, RICK RAMSAY, MONROE COUNTY, MONROE COUNTY BOARD OF COMMISSIONERS, KEY WEST POLICE DEPARTMENT, DANIEL BLANCO, ROBERT PHILLIPS, CATHERINE SCHEFF, JACOB OTTEN, and DOES 1 through 10,
Defendants.

3/22

Blank

4/22

# Addendum "B"

## PARTIES

1. David James Lola is an adult residing at 394 Bear Wallow Road, Leceister, NC 28748, and currently incarcerated at MCDC pre trial.
2. Miami Herald, Inc, a Florida Corporation, is located at 3511 NW 91st, Doral, FL 33179. ("Herald")
3. Monroe County Sheriff's Office, a Florida sheriff's office led by Rick Ramsay. ("MCSO")
4. Rick Ramsay is the sheriff of Monroe County Florida. ("Ramsay")
5. Monroe County is a county incorporated in Florida.
6. Monroe County Board of Commissioners is a board of County Commissioners organized in Monroe County Florida. ("Board")
7. Key West Police Department is a police department operating in the city of Key West located in Monroe County Florida. ("KWPD")
8. Daniel Blanco is a former police officer of the KWPD. ("Blanco")

9. Robert Phillips is an adult male residing at 586 2nd St., Apt. 2 Lake Oswego, OR 97034-3236 ("Phillips")

10. Catherine Scheff is an adult female residing at 15 Duncan Lane, Halesite NY 11743. ("Scheff")

11. Jacob Otten is an adult male residing at 925 Tecumseh Rd., Apt. 2C, Battle Creek, MI 49037-5579. ("Otten")

Addendum "II"

II. Statement of Claim

12. This action arises from the publication of false defamatory statements not subject to any privilege by the several defendants.

A. JURISDICTION

13. Plaintiff, asserts jurisdiction is based on diversity and federal question. All available administrative remedies have been exhausted. (Dec. Lola # 2). Letters were sent to MCSO, Monroe County, and Herald pursuant to FSA §770.01. (Dec. Lola # 3).

**II. Statement of Claim**

Briefly describe the facts of your case. Describe how each defendant is involved, names of other persons involved, and dates and pl aces. Each claim should be stat ed in a separately num bered paragraph. Please use short and plain statements, with separately numbered paragraphs indicating why the relief requested should be granted. Do not include legal arguments or cite cases or statutes. Attach additional pages, if necessary.

See Addendum "II."

**III. Relief Requested**

Briefly state what you are requesting from the Court (what do you want the Court to do). Do not include legal arguments or cite cases or statutes. Attach additional pages, if necessary.

see page for Defamation Count 1 Addendum II.

see page for Defamation Count 2 Addendum II.

Lola v. Miami Herald



Blank

8/22

## B. STATEMENT OF FACTS

14. Plaintiff was illegally arrested by the KWPD on August 1st, 2018 and held illegally in custody by the MCSO. The MCSO, under the direction of sheriff Rick Ramsey, published that Plaintiff was being held on no bond on or about August 3rd, 2018. In fact, Plaintiff has had a bond of $110,000 since the date of his first appearance. The notion that Plaintiff has "no bond" has been used ~~by~~ time and again by opposing counsel in attempts to denigrate the Plaintiff's character before the public and court.

15. The policy to publish arrestees info on the internet is controlled by Monroe County, Monroe County Board of Commissioners, MCSO, and Rick Ramsay; each recklessly published false information about Plaintiff regarding his bond amount.

9/22 Lola v. Miami Herald

16. The false bond information was then published in the Miami Herald, relied upon by Daniela B. Abratt, Esq. of Thomas & LoCicero, and Harrison Joss, Esq, of Purdy, Jolly, Guiffreda, Barranco, and Jisa in feeble attempts to bismirch the Plaintiff's character before state and federal courts.

17. The Miami Herald relied upon the defamatory statements published by the KWPD, former Officer Daniel Blanco, Robert Phillips, Catherine Scheff, and Jacob Otten.

18. Blanco prepared a fallacious Arrest Form lacking oath or affirmation that was published to third parties under the direction of the KWPD. Blanco and the Herald relied upon false statements from Phillips, Scheff, and Otten.

19. The published statements of all defendants allege Plaintiff committed an infamous crime

and are libelous per se as presented in Klayman v. Judicial Watch, (22 F. Supp. 3d 1240 (S.D. Fla. 2014)). Plaintiff avers the defamatory statements harmed his reputation and deterred potential supporters from donating money to him in support of the reformation of Department of Labor regulations as proffered in Harvard Law Review Article Employment Law -Legal Profession- Second Circuit Holds that Document Review IS NOT Per Se Practice of Law Under the FLSA. - Lola v. Skadden, Arps, Slate, Meagher & Flom LLP, No. 14-3845-cv, 2015 WL 4476828 (2d Cir. July 23, 2015).

20. Plaintiff also has suffered severe emotional distress, including difficulty sleeping and concentrating on litigation and judgment collection work as a result of the publications. (Dec. Lola ¶ 4).

II. CAUSES OF ACTION

DEFAMATION (Count 1)

Direct and Implied against HERALD, MCSO, RAMSAY, MONROE COUNTY, & BOARD, PHILLIPS, SCHEFF, & OTTEN, Jointly and Severally

21. Plaintiff incorporates by reference paragraphs 12 through 20.

22. The Article published by the Miami Herald falsely states: "...he was being held without bond." In fact, Plaintiff's bond was set at $110,000. This article is hereinafter referred to as the "Article".

23. The Article falsely states: "The woman stated that she used to date Lola, and that she told him the victim hit her a few weeks ago." In fact, Scheff was an acquaintance Plaintiff assisted in defending against an unlawful eviction pro bono. Plaintiff is married and has been prior to ever visiting Key West or meeting Scheff. Thus, implying that

Plaintiff is an adulterer and unchaste.

24. The published false statements in paragraphs 22 and 23 are not subject to any privilege and are defamatory per se.

25. The Herald relied upon false and unprivileged statements published by MCSO, RAMSAY, MONROE COUNTY, BOARD, PHILLIPS, SCHEFF, OTTEN, BLANCO, and KWPD when publishing the Article.

26. The Article has irreparably harmed Plaintiff, his wife, and his marriage.

27. Mrs. Lola refuses to post bond of $110,000 to have Plaintiff released prior to trial, retain counsel for her husband, or aid him in preparing his defense. She has collected personal property and vehicles to be sold for family purposes.

28. The statements in paragraphs 22 & 23 were published with reckless disregard to the truth and demonstrates a failure by the

Herald editorial duties. Those statements were unprivileged publication to third parties all overthe world via internet.

29. The Article fails to fairly and accurately report information from legitimate journalistic resources, by failing to include balanced information. The following statements reflecting truthful material were not reported in the Article:

30. The Article is defamatory by implication because it does not state that neither Phillips' phone or wallet were found in possession of the Plaintiff at arrest, In Fact, Scheff had Phillips' wallet, and his phone was next to him. (Dec. Lola ¶5).

31. The Article is defamatory by implication because it does not publish that no weapon was seized from the Plaintiff.

32. The Article is defamatory by implication because it does not state that Plaintiff invoked his Fifth Amendment rights under the U.S. Constitution when initially encountered KWPD and continues to do so.

33. The Article is defamatory by implication because it does not state the source of the information for the Article. It implies the statements published are from firsthand witness accounts; when in fact, they are third party statements offered for the truths of the matters asserted, twice over, and inherently ~~un~~ unreliable.

34. The Article prejudiced the Plaintiff in the eyes of a substantial and respectable minority of the community.

35. The Article harms the reputation of Plaintiff as it lowers the estimation of the ~~P~~ Plaintiff

in the eyes of a substantial and respectable minority of the community, and deters third persons from associating with the Plaintiff.

36. Wherefore, Plaintiff prays for nominal damages, general damages, special damages., consequential damages, loss of goodwill, compensatory damages, award of ~~atto~~ m reasonable attorney's fees and court costs (and costs of suit), mental and emotional damages, and other relief the court deems equitable, and punitive and exemplary damages all in an amount of no less than $370 million dollars;

37. An injunction ordering MCSO to publish the actual bond amount of $110,000, or other court-ordered amount

///

## DEFAMATION (Count 2)

Direct and by Implication against Blanco and KWPD, Jointly and Severally

38. Plaintiff incorporates by reference paragraphs 12 through 20 and 22 through 35.

39. Blanco and KWPD published to third parties, without privilege, the Arrest Form containing untruthful and defamatory statements. Plaintiff files this action after carefully considering that the Arrest Form is not a document sworn under oath or affirmation and as such is not an arrest affidavit. Plaintiff contends that the Arrest Form is not a document subject to application of a qualified privilege. It was published to the world on August 1st, 2018.

40. Plaintiff avers the Arrest Form alleges he was engaged in an infamous crime. The Arrest Form is defamatory per se.

1/7/22 Lola v. Miami Herald

41. The Arrest Form is not an ~~Arrest~~ arrest affidavit executed under oath or affirmation and serves no legitimate governmental purpose so as to be subject to a qualified privilege.

42. Blanco wrote the Arrest Form.

43. KWPD published the Arrest Form to the Herald, MCSO, and Ramsay.

44. Wherefore, Plaintiff prays for nominal damages, general damages, special damages, consequential damages, loss of goodwill, compensatory damages, award of reasonable attorney's fees and court costs (and costs of suit), mental and emotional damages, and other relief the court deems equitable, and punitive and exemplary damages all in an amount of no less than $ 290 million dollars.

[signature]

July 27th, 2020

______________________________________________________________________

______________________________________________________________________

**IV. Jury Demand**

Are you demanding a jury trial? X Yes ____ No

Signed this 27th day of July, 20 20

[signature]

David J. Lola

Signature of Plaintiff

I declare under penalty of perjury that the foregoing is truce and correct.

Executed on:________________________________

________________________________

Signature of Plaintiff

Lola v. Miami Herald

19/22

P. II. 12

Blank

DECLARATION OF DAVID J. LOLA IN SUPPORT OF COMPLAINT FOR DAMAGES FROM DEFAMATION

I, David J. Lola, Plaintiff declare the following statements to be true and accurate under penalty of perjury:

1. I am an adult with capacity to make the statements contained hereinbelow.
2. All administrative remedies have been exhausted
3. Letters were sent to MCSO, Monroe County, and Herald pursuant to FSA § 770.01.
4. I have suffered severe emotional distress, including difficulty sleeping and concentrating on litigation and judgment collection work as a result of the publications.
5. I am informed and believe that Scheff had Phillips' wallet, and ~~his phone was next to him from video taped interviews of Scheff and Phillips.~~

his phone was next to him from video taped interviews of Scheff and Phillips.

The foregoing statements are made under penalty of perjury in Key West, Florida on July 27, 2020 by:

David J. Lola, Plaintiff

Certificate of Mailing

I, David J. Lola, deposited the Complaint Lola v. Miami Herald, et al., for mailing on July 28th, 2020, Tuesday, by placing the document in an envelope bearing First-Class postage and depositing it with the deputy on duty in Dorm E of the MCDC.

David James Lola
Inmate 18001264
Monroe County Detention Center
5501 College Rd
Key West, FL 33040

FOREVER USA

Barn Swallow

Legal Mail

United States District Court
Southern District of Florida
Office of the Clerk - Room 8N09
400 North Miami Avenue
Miami, FL 33128-7716

33128-771699

© USPS 2016

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

THIS LETTER IS FROM AN
INMATE/DETAINEE AT THE
MONROE COUNTY DETENTION CENTER
5501 COLLEGE ROAD, KEY WEST, FL 33040
ALL INCOMING MAIL MUST HAVE THE SENDERS
FULL NAME AND ADDRESS
INMATE/DETAINEE FULL NAME
PACKAGES, CASH, MONEY ORDERS OR PERSONEL
ITEMS. UNAUTHORIZED ITEMS WILL BE RETURNED
TO SENDER

USMS
INSPECTED

RECEIVED

AUG 04 2020
2:49 PM